IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JAMES RAY YOUNG, | ) |
|       Plaintiff, | ) |
| v. | ) No. |
| GLA COLLECTION COMPANY, INC., | ) |
|       Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, JAMES RAY YOUNG, by and through his attorneys, Salyer Law Office, PLLC, and for his Complaint against the defendant, GLA COLLECTION COMPANY, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq., and Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and the EFTA 15 U.S.C §1693 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. JAMES RAY YOUNG, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Monticello County of Wayne, State of Kentucky.

5. As a natural person, Plaintiff is a "consumer" as that term is defined by 15 U.S.C §1693a(b).

6. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to New Lexington Clinic (hereinafter, "the Debt").

7. The debt that Plaintiff allegedly owed New Lexington Clinic was for medical services, which was for the personal use of Plaintiff and/or used for household expenditure.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. At all relevant times, Plaintiff had an account in his name at Citizens National Bank (hereinafter, "Citizens National Bank Account").

10. At all relevant times, the account held by Plaintiff at Citizens National Bank was an asset account established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

11. At all relevant times, the Citizens National Bank Account held by Plaintiff was an "account" as that term is defined by 15 U.S.C. §1693a(2).

12. At all relevant times Citizens National Bank was a financial organization responsible for holding funds in an account belonging to Plaintiff.

13. At all relevant times, Citizens National Bank was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

14. GLA COLLECTION COMPANY, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kentucky.    Defendant's

principal place of business is located in the State of Kentucky. Defendant is incorporated in the State of Kentucky.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

18. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

19. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

20. At all relevant times, Defendant received funds from Plaintiff's Citizens National Bank Account, which were transferred to Defendant electronically.

21. Defendant instructed Citizens National Bank, through an electronic terminal, by telephone, or other electronic means, to transfer funds from Plaintiff's Citizens National Bank Account to Defendant.

22. Defendant received funds from Plaintiff's Citizens National Bank Account.

23.	At all relevant times, the transfer of funds from Plaintiff's Citizens National Bank Account to Defendant were "electronic fund transfers" as that term is defined by 15 U.S.C. §1692a(7).

24.	The transfer of funds from Plaintiff's Citizens National Bank Account to Defendant were authorized by Plaintiff orally, in advance of the transfer, and were to recur regularly.

25.	At all relevant times, the transfer of funds from Plaintiff's Citizens National Bank Account to Defendant were "preauthorized electronic fund transfers" as that term is defined by 15 U.S.C. §1693a(10).

### IV.   ALLEGATIONS

**COUNT I: JAMES RAY YOUNG v. GLA COLLECTION COMPANY, INC. FOR VIOLATIONS OF THE FDCPA**

26.	Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

27.	On or about February 26, 2016, Plaintiff received a telephone call from a person that identified herself as "Kim", a duly authorized representative of Defendant, who stated that she was calling to collect a debt allegedly owed by Plaintiff to New Lexington Clinic.

28.	During the course of the aforesaid telephone call between Defendant and Plaintiff, Defendant stated that if Plaintiff did not pay the debt he allegedly owed by February 29, 2016, Defendant would garnish Plaintiff's wages.

29. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt he allegedly owed.

30. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt he allegedly owed.

31. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

32. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

33. In its attempts to collect the debt allegedly owed by Plaintiff to New Lexington Clinic, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   b. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

34. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT II: JAMES RAY YOUNG v. GLA COLLECTION COMPANY, INC. FOR VIOLATIONS OF THE EFTA

35. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

36. During the course of the aforementioned telephone call between Plaintiff and Defendant, the parties discussed entering into a payment agreement relative to the Debt.

37. During the course of the telephone call, Defendant advised Plaintiff that it would be continually taking payments of $100.00 until the debt is satisfied.

38. During the course of the telephone call, Defendant informed Plaintiff that it could electronically debit the monthly payments agreed upon by the parties from Plaintiff's account.

39. Plaintiff then provided Defendant with information relative to his Citizens National Bank Account so that Defendant could automatically withdraw a payment from said account in accordance with the terms of the payment arrangement entered into between the parties.

40. During the course of the aforesaid telephone call, Plaintiff provided Defendant with his oral authorization for Defendant to electronically transfer funds from Plaintiff's Citizens National Bank Account to Defendant.

41. At no time during the aforesaid telephone conversation did Defendant advise Plaintiff that in order for Defendant to be able to transfer funds from Plaintiff's Citizens National Bank Account, Plaintiff had to provide Defendant with **written** consent to carry

out the aforesaid transfer, as required by the Electronic Funds Transfer Act, 15 U.S.C. §1693(e)(a).

42. Plaintiff has not provided Defendant with written authorization to transfer any funds from Plaintiff's Citizens National Bank Account to Defendant.

43. Defendant has not obtained written authorization from Plaintiff to transfer funds from Plaintiff's Citizens National Bank Account to Defendant.

44. Plaintiff has not provided Defendant with written authorization for Defendant to carry out any electronic fund transfers from Plaintiff's Citizens National Bank Account to Defendant.

45. Plaintiff has not informed Defendant that he waived his right to provide Defendant with written authorization to execute the transfer of funds from Plaintiff's Citizens National Bank Account to Defendant.

46. On or about February 17, 2016, Defendant, attempted to withdraw $107.24 from Plaintiff's Citizens National Bank Account.

47. On or about February 17, 2016, Defendant withdrew $107.24 from Plaintiff's Citizens National Bank Account.

48. On or about February 17, 2016, Defendant transferred to Defendant $107.24 in funds from Plaintiff's Citizens National Bank Account.

49. On or about February 17, 2016, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's Citizens National Bank Account.

50. On or about February 17, 2016, at the time Defendant transferred the aforesaid funds to Defendant, from Plaintiff's Citizens National Bank Account, Defendant had not obtained written authorization from Plaintiff to make the aforesaid transaction.

51. On or about February 17, 2016, at the time Defendant transferred the aforesaid funds to Defendant from Plaintiff's Citizens National Bank Account, Citizens National Bank had not obtained written authorization from Plaintiff to allow Defendant make the aforesaid transaction.

52. At no time prior to February 17, 2016, did Defendant provide Plaintiff with a copy of the putative written authorization Plaintiff may have provided to Defendant to authorize Defendant to transfer funds from Plaintiff's Citizens National Bank Account to Defendant.

53. The Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.*, provides in part as follows:

> §1693e – Preauthorized Transfers
>
> (a) A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made…

54. On or about February 17, 2016, and again on March 17, 2016, Defendant carried out a preauthorized electronic fund transfer from Plaintiff's Citizens National Bank Account without having first obtained written consent from Plaintiff to carry out the aforesaid transaction.

55. On or about February 17, 2016, and again on March 17, 2016, Defendant carried out a preauthorized electronic fund transfer from Plaintiff's Citizens National Bank

Account without having first provided Plaintiff with a copy of the putative written authorization Plaintiff may have provided to Defendant to carry out the aforesaid transaction.

56. On February 17, 2016, and again on March 17, 2016, Defendant transferred funds from Plaintiff's Citizens National Bank Account to Defendant without obtaining a written authorization signed or similarly authenticated form from Plaintiff for Defendant to carry out the preauthorized electronic fund transfer's from Plaintiff's Citizens National Bank Account, as delineated above, thereby violating, 15 U.S.C. §1693e(a).

57. On February 17, 2016, and again on March 17, 2016, Defendant transferred funds from Plaintiff's Citizens National Bank Account to Defendant without providing Plaintiff a copy of a written authorization signed or similarly authenticated form by Plaintiff for Defendant to carry out the preauthorized electronic fund transfer's from Plaintiff's ANBS account, as delineated above, thereby violating, 15 U.S.C. §1693e(a).

58. Defendant's conduct in violating 15 U.S.C. §1693e(a), directly and proximately caused Plaintiff to suffer damages as set forth in the paragraphs above.

## V.   JURY DEMAND

59. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMES RAY YOUNG, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00 under the FDCPA;

  c. Statutory damages of $1,000.00 under the EFTA;

  d. Plaintiff's attorneys' fees and costs;

  e. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JAMES RAY YOUNG**

By:  s/ Kolbe A. Page
   Attorney for Plaintiff

Dated: April 4, 2016

Kolbe A. Page (Atty. No.: 96111)
Salyer Law Office, PLLC
PO Box 2213
Paintsville, KY 41240
Telephone: (606) 789-1135
Facsimile: (888) 751-8828
E-Mail: kolbe.page@salyerlaw.com